Good morning. My name is John Lambrose. I'm here on behalf of Mr. Gould, and I'd like to reserve a minute for rebuttal if I could. Sure. I think probably the best way to start would be to just kind of jump right in on the questions that the Court had post-briefing. The first question with regard to the letter brief that the parties addressed concerning Edwards v. Carpenter. Again, just to restate my position, my position is that the Edwards case is obviously a procedural default defense. It must be an affirmative defense. It must be raised at some time during the proceedings in the district court. It never was. It wasn't raised in the district court. It was not raised in the briefing to this Court. And for that reason, based on over 25 years of precedent from this Court and the U.S. Supreme Court, the State has waived it. And I think that really the cases that support the waiver argument, again, to sort of reiterate what I briefed in my letter brief, are both the Vang case from this circuit and the Franklin v. Thompson case. In both of those cases, the Court was faced with a situation where, well, in Vang, I'm a little bit more familiar with because a colleague of mine was counsel on Vang. And in Vang, what happened was the district court did not or, excuse me, the State did not raise the defense in the district court. The district court nevertheless found the default in spite of the fact that it was not raised by the State. And on appeal, this Court concluded that the district court was incorrect in finding the default and that the State had indeed waived it. In Franklin, the default was not litigated in the court below, in the district court, and the default was raised for the first time on direct appeal. And in Franklin, this Court refused to address the affirmative defense and found, you know, in accordance with, as I said earlier, many years of precedent from this Court that the default was indeed waived. What about the Wyndham case? Well, the Wyndham case was cited in Vang. Yes, it certainly was, and distinguished. And, again, with all due respect to Your Honor, I think that the district court was incorrect in finding the default. Well, a very well-written opinion. I think, you know, I don't know if I've ever said this in the many years I've practiced before this Court, but I think that Judge Fernandez was correct in Wyndham. Other circuits have not agreed with him. That's true. And there is some volatility with regard to where the, you know, where everybody falls with regard to this particular issue. Wyndham, I think, is a case that really must be viewed with serious circumspection. I think it's a case that is extremely narrow. And if you look, I was only really able to find a couple of published opinions that addressed the Wyndham case, one of which was Vang. And Vang sort of dismissed it by saying, well, you know, we understand that the Court can, on its own motion, find the default sua sponte, not to be redundant. But we just we're not going to do it in this case. And one of the reasons that the Court in Vang did not do it, which I think is kind of a compelling reason here, and the Vang court cited to Franklin for this proposition, is that the State never did explain why or for what reason, you know, it sort of blew it. Was it a tactical decision? Did they decide, well, what the heck, we're just going to reach the merits? And what I'm talking about is Vang at 329 Fed Third, I believe it's, well, 329 Fed Third, 1069. And Vang borrowed some language from Franklin that talked about, and the Franklin language is at 290 Fed Third, 1233, where the Franklin court emphasized that the State provided no reason whatsoever, in quotes, for failing to present the procedural default defense in district court or any reason for not raising it on direct appeal. Now, I know that that kind of is almost begs some sort of dissonance because, well, they didn't raise it because they blew it. But still, you know, I mean, the sauce that's good for the goose must be good for the gander, and that's sort of what the Court said in Franklin. Procedural defaults are found against Petitioners all of the time, waivers, defaults. I mean, I can tell you, being a 2254 litigator for the last too many years, that the procedural impediments are many. And obviously, when we're litigating these cases on behalf of Petitioners, we're secretly, tactically, strategically anticipating defenses, but we have no obligation under the law or ethically to say, well, here's the deal, you know, we're presenting this claim, but you've got some viable exhaustion in default defenses and you can raise them. Our counterparts in the civil bar wouldn't do those sorts of things, and we're not obligated to do that either. We must plead exhaustion, and I do concede that. And we plead exhaustion in our petitions. But I don't have to plead, oh, and incidentally, we might have a procedural default problem here also. In fact, what we do is kind of breathe a sigh of relief if our colleagues on the other side of the V miss the boat. And that's what's happened here. And, you know, the Attorney General's office, the State in this case, did not raise this issue with Mr. Edwards throughout the entire course of this litigation. And as I would reiterate, that started when, you know, when we fled the claims in our amended petition, and there was supplemental briefing on the anticipatory default. And ironically, the magistrate judge, when she made her initial ruling with regard to exhaustion, she reached, when she discussed Claim 4, which made it through the procedural hurdles, over the procedural hurdles. When she discussed Ground 4, she also just noted parenthetically that there might have been a procedural problem with that ground, but that she wasn't going to raise it sua sponte, and it had not been raised by the State. And that was at the – and I've got that cited at my points in authority, my excerpts of record at page 447. Now, I just point that out to kind of describe the fact that the Boyd case was cited by the magistrate judge in this case, and that didn't, you know, no alarm bells went off, and that didn't cause any consternation. So what we did, because, you know, the magistrate judge said given the tortured procedural history of this case, she just wasn't going to grant a stay so we could go back down and exhaust. So what the parties did is we stipulated, and in the stipulations at the excerpt at page 450, we stipulated that we would go ahead and litigate all of the procedural defenses to Grounds 1, 2, 3, and 5C in one motion, and that stipulation is at paragraph 4 of page 451. Well, once again, I mean, it's like, okay, procedural defenses, you know, Trest v. Cain, Boyd v. Thompson, Wyndham v. Merkley, and you've got to raise these defenses, because if you don't raise them, and Franklin, I think really there's some great language in Franklin that cuts in favor of Mr. Gould, where the Court specifically said, look, you know, if you don't raise these, we want to put the State on notice now, because there was some fencing back and forth with the Court. Judge O'Scanlan, in his concurring opinion, said, you know, why do we even have to talk about this raise it or waiver problem, because we're going to affirm the district court anyway on the merits. So, you know, why are we doing this? And the majority opinion, or the two judges that decided to reach the issue, basically predicated that decision on the fact that this Court wanted to impart that warning to the States, litigate this, raise it, so we don't have to be wasting time. So it was dicta. Pardon me? It was dicta. Well, that's what Judge O'Scanlan said, but I think no, I don't think it was. I think Judge Berzon made it fairly clear that two to one that way, anyway, that by definition it was not dicta. My position, I guess just to make a long story short, and I'm cutting into my time, I really think that Wyndham does not control this case. It's very difficult to ascertain in the cases that have come since Wyndham what – when the Court should note the sua sponte default. The discretion doesn't seem to be very guided. Given that, I think, given the, you know, the fact that this is going to be the only time that this man is going to get review of these claims in the Federal Court, that any tie should go to Mr. Gould on this question. Thank you, Mr. Lambros. Thank you. Good morning. Good morning. Heidi Nagel on behalf of Respondents. I'll briefly address Mr. Lambros's comments. He has stated that we failed to raise the procedural default affirmative defense. The State's contention is that it has not waived the defense and that Petitioner has not met his burden under either Edwards or Coleman. Specifically, following the magistrate's findings, the Respondents and Petitioners agreed to submit a motion, a supplemental, on the procedural default issues. The only way Mr. Gould has ever managed to raise the ineffective assistance of counsel claim as cause is because we properly preserved the procedural default. Specifically, in our supplemental motion to the dismiss at the excerpts on record at 453 through 56, we stated the claims were procedurally defaulted because no remedy exists, and that's at 456. In Mr. Gould's opposition to our supplement, he made no mention of Edwards. He made a bare allegation of ineffective assistance of counsel as cause, which is insufficient under the requirements of Murray v. Carrier and U.S. v. Frady. Specifically, he didn't indicate where the ineffective assistance of counsel occurred, what the facts were underlying it, et cetera. Pursuant to Edwards, ineffective cause as ineffective assistance of counsel, it has to be so ineffective as to violate the U.S. Constitution. We had no indication of what that was. We timely submitted our reply, and although we made no specific mention of Edwards and this is at the excerpts on record at 467, lines 7 through 13, we correctly indicated that Mr. Gould had not met the burden of showing ineffective assistance of counsel as cause under the cause and prejudice standard enunciated in Coleman at 732 and 750. What the State would argue is that it is not our burden to show the applicability of Edwards, it is the Petitioner's burden. He has to demonstrate that ineffective assistance of counsel has occurred, both as a claim and as cause under Edwards. Specifically, Edwards and Coleman are intertwined with respect to the cause and prejudice standard. A bare allegation was made in district court by Mr. Gould. That is insufficient. It was again made in the appellant's opening brief. It was an identical claim and also insufficient, and that was the appellant's opening brief on pages 23 through 24. I would submit that Petitioner cannot show where the ineffective assistance of counsel was presented as an independent claim below because it was not. And even in our letter motion that was directed by the court, there was no further indication at that point upon notice of the court of where that claim was litigated. Well, his point is that you waived it and that we shouldn't reach it. Correctly. I'm sorry. What we would argue is that we did preserve that defense, and the way that we know that we've preserved it is because he would have never asserted ineffective assistance of counsel as cause had we not waived it and those were presented after the magistrate's finding in the stipulated agreement to supplementarily brief the issue of procedural default. In the alternative, however, should the court disagree with our argument, Respondent would respectfully submit that the court can and should raise Nevada's procedural default bar sua sponte as to Claims 1, 2, 3, and 5C pursuant to the Merkley v. Windham decision. Specifically, under the Boyd v. Thompson requirement, we would contend the default is obvious on the face of the petition. This claim has been in litigation for over 16 years. There have been multiple attempts to litigate these claims, two State petitions, two writs. In all four of those cases, the Nevada Supreme Court denied those cases as untimely and as Mr. — as finding that Mr. Gould had failed to establish cause. Second, we would also say that raising the procedural defense sua sponte would serve the interests of Justice Comey federalism and judicial efficiency as enunciated in Merkley. If the panel has no further questions. Thank you, Ms. Naval. Thank you. Thank you, Mr. Lambros. The case just argued is to stand in recess for this session. Thank you. Thank you.  Thank you. Thank you.
judges: Alarcon, Silverman, Bea